## Banks v. Macenka

*Walter D. Campbell*, for plaintiff.
*Paul R. Weber*, for defendants.

BECKERT, *P.J.*, May 10, 1978 — Plaintiff has instituted this action in trespass seeking to recover for injuries she sustained resulting from a fall on the porch of defendants' retail store. Defendants by their answer to plaintiff's complaint denied that they were the owners of the retail store upon which the alleged fall took place and further denied that they were engaged in business or operated any retail store on the premises or that they were in control or possession of the premises upon which plaintiff is alleged to have suffered her injuries.

The matter presently at issue before us arises by action of counsel for plaintiff requesting depositions of defendants and requesting that they produce at the depositions their Federal and State income tax returns for the years 1973, 1974, 1975, and 1976, as well as all documents, papers and writings concerning installations, repairs, renovations or changes made to the porch where the alleged accident is supposed to have occurred which are in the possession of defendants.

To this request defendants have filed a petition for a protective order contending that the information that might appear in the tax returns would be irrelevant and that the documents pertaining to installations, repairs, etc. made to the porch would also be irrelevant and inadmissible as negligence cannot be inferred from the fact that defendants made changes or improvements upon the porch subsequent to the event in suit.

Rule 4007(a) of the Pennsylvania Rules of Civil Procedure provides as follows:

"Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case."

Doubts as to relevancy should be resolved in favor of relevancy: Eversole, Jr. v. Dinulos, 13 Lebanon 4 (1970). ". . . the test of relevancy . . . is not whether the anticipated answer to the proposed question can immediately qualify as admissible evidence,

but whether the proposed question may possibly lead to an answer or answers which, alone or together, may be admissible and possess sufficient probative force to affect a material part of the cause of action." O'Connor, Admr. v. Fellman, 39 D. & C. 2d 51 (1966).

It therefore seems apparent that the broad rule applicable to the examination of documents is that the examination will not be refused merely because the documents may not be admissible as proof of facts, if relevant information leading to evidence of probative merit might well be found in such documents or records. See Rearick v. Griffith, 27 D. & C. 2d 451 (1962).

Certainly defendants' tax returns should indicate whether defendants were the owners and/or the persons engaged in the operation of the retail store in question. Repairs and renovations of the premises where the fall took place would also be some evidence which would go to the same question and as defendants have denied that they are either the owners or possessors of the store porch, we do not see how we can at this juncture accept defendants' position that these documents may not have some probative value.

We do believe, however, that defendants' request is too broad. We fail to see how the income tax returns for any year other than the year of plaintiff's alleged fall would be relevant and therefore will direct production of defendants' tax returns for the year 1975 only. As to documents pertaining to repairs and the like, there is a possibility that repairs could have been made in one year and billed or paid in another and therefore these documents for the years 1974, 1975, and 1976 are to be produced.

In order to prevent misuse of the inspection of the 1975 tax returns and to avoid disclosure of purely

personal matters not relevant to this litigation, we will require that the tax returns be first submitted to the undersigned and we will then select the portion thereof or pertinent information contained therein, if any, which is to be disclosed to counsel for plaintiff.

In accordance with the above, we enter the following

## ORDER

And now, May 10, 1978, the rule heretofore granted on November 21, 1977, to show cause why an order should not be entered decreeing that the scope of the examination of the depositions of defendants be limited so to bar the production of any Federal or State income tax returns for years 1973, 1974, 1975, and 1976, as well as the production of any and all documents, papers and writings concerning the installation, repairs, renovations or changes made to the porch where the alleged accident in suit is supposed to have occured is hereby vacated in part and defendants are directed to produce Federal and State income tax returns for the year 1975 and all documents, papers and writings concerning the installation, repairs, renovations or changes made to such porch for the years 1973, 1974, and 1975. The rule to show cause in all other respects is made absolute.